**FILED**

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
JUL 13 2004
KENNETH S. GARDNER, CLERK
PS REP. - TCR

| | |
|---|---|
| IN RE | ) |
| | ) |
| 201 N. WELLS INVESTORS, L.L.C., | ) Chapter 11 |
| | ) |
| Alleged Debtor, | ) Case No. 04-21063 |
| | ) |
| | ) Hon. Jack B. Schmetterer |

## JOINDER OF LASALLE BANK IN MOTION TO APPOINT TRUSTEE

LaSalle Bank, N.A., through its attorney, Samuel G. Harrod IV, of the law firm of Meltzer, Purtill & Stelle LLC, hereby joins in the motion to appoint trustee, under 1104(a)(1).

First and foremost, LaSalle believes that the involuntary petition should be dismissed or suspended under Section 303. However, in the event that this Court declines to dismiss or suspend, then LaSalle agrees that a trustee should be appointed. Two of the movants and petitioning creditors here, Skyline Equities Realty, L.L.C., and Evangeline Gouletas, have admitted that they are responsible for managing the Property. Additionally, Ms. Gouletas has admitted that she is an equity holder in the debtor, and that she filed this action as a result of an internal dispute regarding the management of the property. Aside from the fact that a bankruptcy court is not an appropriate forum for the resolution of a debtor's internal disputes, Ms. Gouletas and Skyline, as managers of the Property, have effectively admitted that they are responsible for the Debtor's defaults under its obligations to LaSalle. Specifically, the debtor was declared by LaSalle to be in default for its failure to pay real estate taxes.

Thus, it is clear that neither Ms. Gouletas nor Skyline Equities Realty, L.L.C., should continue to have any management responsibility for the Property. Under 11 U.S.C. § 1104(a)(1), a trustee may be appointed:

> For cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case.

Here, Gouletas and Skyline have shown incompetence and gross mismanagement of the affairs of the Debtors by failing to pay real estate taxes, insurance and the like.

Under In re Professional Accountants Referral Services, Inc., 142 B.R. 424 (Co. Bankr. 1992), a trustee can be appointed during the "gap" period of an involuntary Chapter 11 case on an interim basis under 11 U.S.C. §1104(a)(1). Thus, LaSalle agrees with Petitioning Creditors that a trustee should be appointed, but that appointment should be based on the incompetence and gross mismanagement of Gouletas and Skyline Equities Realty, L.L.C., and should be on an interim basis, as the debtor could still seek to dismiss the Involuntary Petition under 11 U.S.C. § 303.

LASALLE BANK NATIONAL ASSOCIATION

By: _____
One of its Attorneys

Samuel G. Harrod IV
MELTZER, PURTILL & STELLE LLC
1515 E. Woodfield Road, Suite 250
Schaumburg, Illinois 60173-5431
(847) 330-2418
Attorney No. 33682

2